HEARD APRIL TERM, 1879.

CASE No. 727.

JOHN A. AND ASHBEL G. BRICE, AS ADMINISTRATORS, v. S. P. HAMILTON AND W. A. WALKER.

1. Exceptions, which raise questions purely legal, may be reviewed, on appeal, by this court, although no motion was made before the Circuit judge for a new trial.

2. A naked intent in the mind of a debtor, not disclosed or communicated to his creditor, as to the application to be made of moneys paid to such creditor, may not be proven.

3. Section 415 of the code renders a party in interest incompetent to testify as to transactions or communications had by him with a person deceased, in certain cases, and such incompetency is not removed by the introduction of testimony other than that of the representative of the deceased as to the same matter.

4. A memorandum in the handwriting of the deceased, found after his death among his papers, is not admissible in evidence, in behalf of his representatives.

5. The jury were charged that the intention and purpose of the debtor when he made the payment, were to be taken by them as evidence of the application. *Held*, erroneous.

6. When the debtor directs no application at the time of payment, the rule is that the creditor may make the application at any time before judgment or verdict. *Heilburn* v. *Bissell*, *Bail. Eq.* 430, approved, and *Jones* v. *Kilgore*, 2 *Rich. Eq.* 63, limited.

7. A receipt may be open to explanation, notwithstanding the death of the party to whom it was given.

Before ALDRICH, J., at Chester, November, 1878.

This was an action on a sealed note, given by defendant, Hamilton, as principal, and Walker as surety, to C. S. Brice, the intestate of the plaintiffs. The answer admitted the execution of the note but plead payment, and set out the payment of several sums of money at various dates, by Hamilton to C. S. Brice, and the same payments were also set up by Hamilton as a counter-claim, for money had and received. The plaintiff, in reply, not admitting the counter-claim, alleged that Hamilton was largely indebted to their intestate upon other claims, and that moneys

received from Hamilton had been applied by their intestate to such other claims. At the trial the defendant proved by witnesses the receipt by C. S. Brice, of an amount collected on judgment against J. G. Gaffney, and of other moneys belonging to Hamilton. The plaintiff proved that C. S. Brice held other claims against Hamilton besides the notes sued on—a Carter judgment and a due-bill. Hamilton was asked by his counsel as to these several payments and receipts, " what was your intention and purpose, when you allowed C. S. Brice to keep this " money ? The questions were objected to, but the court admitted them, and exceptions were taken. The plaintiffs offered in evidence a memorandum found among the papers of their intestate, signed by him and proved to be in his handwriting, which was a statement of amount collected on a certain claim, with a balance stated to be " due Hamilton, to be credited on Carter judgment." Defendants objected, the objection was sustained and plaintiffs excepted. Plaintiffs proved, by a witness, a receipt from Hamilton to their intestate in full of moneys collected on a judgment of *S. P. Hamilton* v. *J. G. Gaffney.* Defendants, in reply, introduced Hamilton to prove that out of the moneys so receipted for, $100 were retained by Brice. Objection by plaintiffs to this testimony was overruled and exception taken.

The plaintiffs then asked the court to charge the jury, that as there was no evidence of application by either the debtor or the creditor of any of the payments proved, the law would then apply all the payments to the satisfaction of the judgment, and the due-bill held by C. S. Brice against S. P. Hamilton, because these debts were unsecured, while the note in suit was secured by a surety. The court refused so to charge, to which the plaintiffs excepted. The plaintiffs further asked the court to charge that a receipt, after the death of the party to whom it was given, was conclusive evidence of settlement in full of the matters therein referred to, unless fraud or mistake were proved, and, therefore, that the receipt set forth above must be taken as a settlement in full, between C. S. Brice and S. P. Hamilton, of the money received from the Gaffneys. The court refused so to charge, to which the plaintiffs excepted.

The court charged the jury that the intentions and purposes of

the debtor, when he made the payments, were to be taken by them as evidence of application. To which the plaintiffs excepted.

The court further charged the jury that if there has been no application of the payments proved, then they must apply them, as Hamilton intended they should be applied—to the Walker note. To which the plaintiffs excepted.

The jury thereupon found a verdict for the defendants, and for the defendant, S. P. Hamilton, the sum of $37.55.

No motion was made for a new trial before the Circuit judge. The plaintiffs appealed and moved this court for a new trial, upon the ground that there was error in the several rulings and charges to which exceptions had been taken by them.

*Mr. A. G. Brice,* for appellant.

*Messrs. J. & J. Hemphill* and *J. H. Rion,* for respondent.

April 28th, 1879.   The opinion of the court was delivered by

WILLARD, C. J.   This action was by the administrators of C. S. Brice upon a sealed note, the property of their intestate, and the defence consisted of various payments and counter-claims. The evidence disclosed various pecuniary transactions between the defendant, S. P. Hamilton, and the intestate, involving the receipt, by plaintiff's intestate, of various sums of money which defendants claim should have been applied as payments on account of the sealed note in suit, and which plaintiffs contend should be applied to other items of account between the original parties.   The question at issue was the right of the plaintiffs to make such application.   Various exceptions are presented, some relating to the admissibility of testimony, and others relating to charges by the judge, and refusals to charge.   The verdict was for the defendants, and the plaintiffs appeal.   A general objection is made by the defendants to the effect that no application was made to the Circuit judge for a new trial, but the appeal is directly from the judgment, and, therefore, as they contend, the exceptions taken at the trial cannot be heard.   There is no ground for such an objection.   It was competent for the plaintiffs to

have moved before the Circuit Court for a new trial, but as the objections to the verdict relate to matters of law alone, and could be heard in this court, the appellants were not bound to submit them to the Circuit judge, on a motion for a new trial, before appealing to this court. There is no provision of the code exacting any such condition to an appeal to this court, and no antecedent practice from which such a rule could be inferred. An appeal from a judgment involves any intermediate order involving the merits and necessarily affecting the judgment, (*Code*, § 11,) and this includes all rulings and charges material to the judgment.

The exceptions relating to the admissibility and competency of testimony will be next considered. The court admitted, against the objection of the plaintiffs, the testimony of the defendant, S. P. Hamilton, as a witness, to the effect that at the time when certain payments were made by Hamilton to the intestate, it was the intention and expectation of the defendant, Hamilton, that such payments should be applied to the note in suit, without any attempt to show that any disclosure or communication of such intent or expectation was made to the intestate. In order to show an intent to apply the payments then made, which the debtor had an undoubted right to do, it was necessary to bring that intent home to the party receiving the money.

It is questionable whether a naked intent, unaccompanied by any appropriate act or declaration, can be proved in any case. Usually, intent is inferred from the acts and declarations forming part of the *res gestœ* of a transaction, of which intention is an important legal element. In a very limited and exceptional class of cases, the intent, inferable from the *res gestœ*, may be rebutted by direct proof, but this is not such a case. The effect of a direction as to application, made by one paying money to another, is in the nature of a contract, attaching a condition to the payment by the fact of acceptance, and an undisclosed intent could produce no such effect. The objection just considered was made to several distinct offers of testimony, which need not be separately considered, as the application of the foregoing princi-

ples is the same in each instance. The rulings admitting such testimony of naked intent were clearly erroneous.

The defendant, Hamilton, as a witness in his own behalf, was questioned as to his having given a direction to the intestate at the time of certain payments made, or credits given to him by Hamilton, as to the application of such payments or credits. Objection was made to such testimony. Some difference of statement exists as to the fact whether the competency of Hamilton to testify as to a communication with the intestate, as against his administrators, (*Code,* § 415,) was raised in the Circuit Court. The counsel for the defendant, Walker, distinctly admits that such was the ground of objection, and that is sufficient to entitle the question to be considered. Hamilton was clearly incompetent to give such testimony, as it related to both a communication and transaction between himself and the deceased, sought to be given by a party to the suit as against the administrator of the deceased. *Code,* § 415.

It was contended, however, that Hamilton was qualified to testify as to the matter, by the fact that such matter had been introduced, in the first instance, by a witness called by the plaintiffs. Had either of the plaintiffs, the administrators of Brice, testified personally to such communication or transaction, as parties to the suit, the defendant, Hamilton, would have been competent, as a witness, to give testimony as to such communication or transaction. *Code,* § 415. The reason of this provision of the section is, that if one party avails himself of this class of testimony, it is fair that it should also be available to the other. But in this case such testimony was not given by a party to the suit, so that the defendant, Hamilton, was not within that exception to the general provisions of Section 415.

A memorandum offered in evidence by the plaintiffs, as made by the deceased in his lifetime, and found among his papers at his death, tending to show an intent and purpose to make the application contended for in his behalf, at the time of the receipt of certain moneys paid to him by the defendant, Hamilton, was excluded by the court. This testimony was properly excluded as a mere declaration of the deceased.

The court charged "that the intention and purpose of the

debtor when he made the payment was to be taken by them as evidence of the application." To this plaintiffs excepted. This involves the erroneous proposition that what a party intended to do in a given case is proof of what he did do.

The court further charged "that if there had been no application of the payments proved, they must apply them as Hamilton intended they should be applied, to the Walker note." To this the plaintiffs excepted. The general rule of the application of payments was settled in *Heilburn* v. *Bissell, Bail. Eq.* 430, as follows: " If the debtor, at the time of making a payment, does not direct to which of several accounts on which he is indebted the payment shall be applied, the creditor is entitled to make the application, and is not limited as to the time within which he may do so." This rule had been practically acted upon in the previous case of *Stewart* v. *Cochran, Bail. Eq.* 380.

What was said in the subsequent case of *Jones* v. *Kilgore,* 2 *Rich. Eq.* 63, cannot be regarded as affecting the authority of *Heilburn* v. *Bissell.* In *Jones* v. *Kilgore* there had been an application by the debtor as evidenced by certain acts of the creditor, as was there decided. It was not necessary, therefore, to state the consequences of a failure on the part of both the debtor and creditor to make the application, and yet it was said " there is no doubt, if no directions are given by the party making the payment, the right to make the application is with the party receiving. If neither party has fixed the application, it devolves on the court, and will be made *pro rata* to the demands held by him who receives the money, against him who paid it, or, if one of the demands be less secured than the others, the application will be made to it in the first instance." The citations to this statement are 5 *Mason* 82; 4 *J. J. Marsh.* 97; 9 *Cow.* 420. No reference whatever is made to the well-reasoned case of *Heilburn* v. *Bissell,* or to the case of *Stewart* v. *Cochran,* which that case followed.

It cannot be denied that equity sometimes follows the principles here indicated, but only when there is a state of equities between the parties that forbids the application of the legal rule. An intimation to that effect is found in the opinion in *Heilburn* v. *Bissell.* It must be concluded that that case was not brought .

to the attention of the court in *Jones* v. *Kilgore*, as it is not cited or commented upon, and, therefore, no intention to overrule it can be implied. *Jones* v. *Kilgore* does not determine *when* the creditor must signify his application, and that is the point of the whole matter, but simply declares the consequences in the event that no application should be made by either debtor or creditor. The effect of *Heilburn* v. *Bissell* is to allow the creditor to make such application at any time before judgment or verdict, and there is nothing in necessary conflict with this in *Jones* v. *Kilgore*.

As the point was not necessary for decision in the last-named case, it cannot be regarded as decided with such effect as to over-rule *Heilburn* v. *Bissell* and *Stewart* v. *Cochran*.

In the present case the matters at issue, under both the complaint and answer, were purely of legal cognizance, and, therefore, the legal rule of application was proper to be applied. But had the issues been such as belonged properly to equity, *Heilburn* v. *Bissell* is an authority that that circumstance alone would not have justified a court of equity in departing from the legal rule on the subject. The charge was, therefore, erroneous in laying down the rule of applying payments. In the absence of proof of application on the part of the defendant, Hamilton, at the time of making payment, the plaintiffs, as administrators of the creditor, are entitled to apply the payments by means of their action.

The proposition of the plaintiffs that a receipt is not open to explanation after the death of the party to whom it was given cannot be supported.

There must be a new trial.

Motion granted.

McIver, A. J., and Haskell, A. J., concurred.